IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00098-PAB-BNB

ROBERT PAUL MAHAN,

Plaintiff,

vs.

ROXY HUBER, Executive Director, Colorado Department of Revenue,
COLORADO DEPT. OF MOTOR VEHICLES,
COLORADO STATE PATROL,
LOGAN COUNTY SHERIFF'S DEPT.,
STERLING COUNTY POLICE DEPT.,
CITY OF THORNTON POLICE DEPT.,
ADAMS COUNTY SHERIFF'S DEPT.,
ROBERT WATSON, 13th Judicial District Attorney,
MICHAEL SINGER, Logan County District Attorney, and
DON QUICK, 17th Judicial District Attorney, Adams County,

Defendants.

_____

**ORDER**
_____

This matter is before me on the **Notice of Complaint to United States District Court, District of Colorado** [Doc. #1] (the "Complaint"). For the following reasons, the Complaint is STRICKEN, and the plaintiff is directed to submit an amended complaint which complies with this Order.

The Federal Rules of Civil Procedure require that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "[T]he only permissible pleading is a short and plain statement of the claim showing that the pleader is entitled to relief

on any legally sustainable grounds." Blazer v. Black, 196 F.2d 139, 144 (10th Cir. 1952). The requirements of Rule 8(a) guarantee "that defendants enjoy fair notice of what the claims against them are and the grounds upon which they rest." TV Communications Network, Inc. v. ESPN, Inc., 767 F. Supp. 1062, 1069 (D. Colo. 1991), aff'd, 964 F.2d 1022 (10th Cir. 1992). The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.

The plaintiff is proceeding *pro se*. Although I must liberally construe the pleadings of the *pro se* plaintiff, Haines v. Kerner, 104 U.S. 519, 520-21 (1972), I cannot act as his advocate, and the plaintiff must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

The plaintiff's Complaint suffers from many deficiencies. The Complaint is not submitted on the court's standard complaint form. "A *pro se* party shall use the forms established by this court to file an action." D.C.COLO.LCivR 8.1A. In addition, all typewritten complaints must be double-spaced. D.C.COLO.LCiv.R 10.1E. The plaintiff's Complaint is typewritten and single-spaced.

The plaintiff's description of the nature of his case is large on nonsense and short on facts. For instance, the plaintiff opens with this excoriation:

> Plaintiff states Defendants do not know the law and through silence, misstatement of Facts and law, engaged in official, actual, constructive Fraud . . . and continue in their warring and gross violation of Plaintiff Unalienable rights. . . . as there is no accountability from them for they are all acting and conspiring to unconstitutional acts to Deny Plaintiff unalienable Rights. They have in Open Court and Hearings said that they will not allow Robert Paul Mahan his Constitutional Defenses, evidence and fact

2

> in his defense of his Unalienable Rights which all the Defendants
> have sworn by oath and Office to defend. That they are actively
> Warring on Plaintiff Unalienable Rights having used their official
> Capacities to deny, attacked, conspire, aggrieve, held Plaintiff to
> cruel and Unusual Punishments, excessive fines, Physical
> excessive Force on Plaintiff to kidnap Him, to intimidate him, his
> witnesses and the juries, Used Physical force and blows by
> Sherriff's deputies at the judge's orders in open court to coerce,
> intimidate terrorize plaintiff into giving up his Unalienable rights,
> held him for Public ridicule in news papers, Intentionally inflicted
> permanent physical disabilities, an emotional, Physiological
> damage to his body . . . .

*Complaint*, p. 5.

The Complaint asserts two claims for relief. In Claim One, the plaintiff merely lists defendants and recites provisions of the constitution. In Claim Two, he purports to state "supporting facts." However, the "supporting facts" are conclusory and confusing. It is impossible to discern the substance of the plaintiff's claims. The plaintiff does not make clear the actions or inactions of each defendant and how those actions or inactions violate the many constitutional provisions he has cited. The Complaint utterly fails to provide notice of the plaintiff's causes of action as required by Rule 8. Accordingly,

IT IS ORDERED that the Complaint is STRICKEN for failure to comply with Fed. R. Civ. P. 8, D.C.COLO.LCivR 8.1A, and D.C.COLO.LCiv.R 10.

IT IS FURTHER ORDERED that the plaintiff shall have until **February 13, 2008**, to submit a complaint which complies with Fed. R. Civ. P. 8, D.C.COLO.LCivR 8.1A, D.C.COLO.LCiv.R 10, and this Order. The complaint shall be submitted on the court's form. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be stated separately. Each claim shall state

which defendant(s) the claim is brought against and shall briefly allege facts sufficient to state a claim for relief. Each claim shall not exceed two typewritten pages, double-spaced.

IT IS FURTHER ORDERED that the plaintiff's failure to comply with this Order may result in a recommendation that the plaintiff's case be dismissed.

IT IS FURTHER ORDERED that the Clerk of the Court shall enclose with this Order a copy of the court's complaint form.

Dated January 26, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge