IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00098-PAB-BNB

ROBERT PAUL MAHAN,

Plaintiff,

vs.

ROXY HUBER, Executive Director, Colorado Department of Revenue,
COLORADO DEPT. OF MOTOR VEHICLES,
COLORADO STATE PATROL,
LOGAN COUNTY SHERIFF'S DEPT.,
STERLING COUNTY POLICE DEPT.,
CITY OF THORNTON POLICE DEPT.,
ADAMS COUNTY SHERIFF'S DEPT.,
ROBERT WATSON, 13th Judicial District Attorney,
MICHAEL SINGER, Logan County District Attorney, and
DON QUICK, 17th Judicial District Attorney, Adams County,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter is before me on the **Adams County Sheriff's Department's Motion to Dismiss** [Doc. #48, filed 08/03/2009] (the "Motion").  I respectfully RECOMMEND that the Motion be GRANTED and that all claims against the Adams County Sheriff's Department be dismissed.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff initiated this case by filing a document captioned Notice of Complaint to United States District Court, District of Colorado [Doc. #1] (the "Initial Complaint"). The Initial Complaint was deficient in form and content. Consequently, the Initial Complaint was stricken and the plaintiff was ordered to submit a complaint which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; D.C.COLO.LCiv.R 10; and the following directive:

> The complaint shall be submitted on the court's form. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be stated separately. Each claim shall state which defendant(s) the claim is brought against and shall briefly allege facts sufficient to state a claim for relief. Each claim shall not exceed two typewritten pages, double-spaced.

Order [Doc. #6] at pp. 3-4.

On February 27, 2009, the plaintiff submitted a proposed amended complaint which failed to comply with Fed. R. Civ. P. 8, D.C.COLO.LCivR 8.1A, and my order issued on January 26, 2009 [Doc. #10]. The proposed amended complaint was stricken, and the plaintiff was again

ordered to submit a complaint on the court's form which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; D.C.COLO.LCiv.R 10; and my Order issued on January 26, 2009. *Order* [Doc. #11].

The plaintiff filed his Second Amended Complaint on March 31, 2009 [Doc. #12] (the "Complaint").  The Complaint contains the following allegations:

1.   The plaintiff "travels in a recreational vehicle for non-commercial purposes."  The vehicle "is a class of property not subject to be licensed."  *Complaint*, ¶ 17.

2.   The defendants "have arrested, fined, incarcerated, and in other ways impeded and harassed the Plaintiff for not having a chauffeur's license."  Id. at ¶ 18.

3.   Defendant Roxy Huber, Executive Director of the Colorado Department of Revenue, "has enforced upon the Plaintiff the requirement that he maintain a chauffeur's or other license in order to travel in his recreational vehicle in a non-commercial capacity."  Id. at ¶ 22.

4.   "Members of the Colorado State Patrol, the Adams County Colorado Sheriff's Department, the Logan County Colorado Sheriff's Department, the Thornton, Colorado, Police Department and the Sterling, Colorado, Police Department have without legal basis arrested, impeded from traveling and used improper means of restraint and excessive force against the Plaintiff."  Id. at ¶ 23.

5.   "Robert Watson, Michael Singer, Robert Smith, Michael Cox, and Don Quick have all either prosecuted or adjudicated cases wherein they improperly and illegally sentenced the Plaintiff for failing to maintain a chauffeur's license for travel in a non-commercial recreational vehicle."  "These prosecutors and judges prosecuted and sentenced the Plaintiff for actions that do not constitute a crime."  Id. at ¶ 24.

The plaintiff brings one claim for "Harassment Under Color of Law."  Under this claim, he alleges violations of the "United States Constitution Article 1, Section 8.3, Article 3.2, Article 4.2(1) and (2), Amendment[s] I, IV, V, VI, VIII, IX, X, and XIV"; the "Colorado Constitution Article 2, Sections 1, 2, 3, 6, 7 and 24, 25, 28"; 42 U.S.C. §§ 14141, 1983, 1985(2) and (3), and 1986; 49 U.S.C. § 2701; and 18 U.S.C. §§ 241, 242, and 245(b)(2)(E).[1]  Id. at ¶ 26.  He seeks injunctive relief including dismissal of several cases pending in Logan County and return of all bond money and fines paid by the plaintiff in these cases.  Id. at pp. 7-8.  He also seeks monetary damages in "the sum of $98,926,000 as $1,926,000 in specific damages for lost wages, ($1 million a day times 97 days) $97,000,000 in general damages for false arrest and false imprisonment, damage to his good name and honor, and otherwise general harassment."  Id. at p. 8.

## III.  ANALYSIS

### A.  Claims Pursuant to 42 U.S.C. § 1983

The plaintiff alleges that the defendants violated 42 U.S.C. § 1983.  *Complaint*, ¶ 26. Section 1983 is a remedial statute, and it does not create any substantive rights.  Tafoya v. Adams, 816 F.2d 555, 558 n.5  (10th Cir. 1987).  Section 1983 "creates only a remedy for violations of rights secured by a federal statutory and constitutional laws."[2]  Id.  The plaintiff

---

[1]By a separate Recommendation, I have recommended that all claims other than the constitutional claims asserted pursuant to section 1983 be dismissed as to all defendants. Therefore, I do not address in this recommendation the claims brought pursuant to the "Colorado Constitution Article 2, Sections 1, 2, 3, 6, 7 and 24, 25, 28"; 42 U.S.C. §§ 14141, 1985(2) and (3), and 1986; 49 U.S.C. § 2701; and 18 U.S.C. §§ 241, 242, and 245(b)(2)(E).

[2]Section 1983 provides:

Every person who, under color of any statute, ordinance,

asserts claims under the "United States Constitution Article 1, Section 8.3, Article 3.2, Article 4.2(1) and (2), Amendment[s] I, IV, V, VI, VIII, IX, X, and XIV." *Complaint*, ¶ 26. The plaintiff's constitutional claims are asserted pursuant to section 1983.

The Motion was filed by the Adams County Sheriff's Department. The defendant states that the plaintiff "has named the Adams County Sheriff's Department . . . through Sheriff Doug Darr." *Motion*, p. 1. The plaintiff names the Adams County Sheriff's Department in the caption of the Complaint. However, in the section of the Complaint titled "PARTIES," he names "DOUG DARR, in his capacity as SHERRIFF [sic], Adams County Sheriff's Department." *Complaint*, ¶ 7. The Complaint does not state whether Sheriff Darr is sued in his official capacity, his individual capacity, or both.

The distinction between "individual" and "official" capacities is derived from § 1983 jurisprudence and turns on "the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." Hafer v. Melo, 502 U.S. 21, 26 (1991). Specifically:

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in

---

> regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

> all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (internal quotations and citations omitted).

"When, as here, the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability." Trackwell v. United States Government, 472 F.3d 1242, 1244 (10th Cir. 2007) (internal quotations omitted).

In the body of his Complaint, the plaintiff states only that members of the Adams County Sheriff's Department "have without legal basis arrested, impeded from traveling and used improper means of restraint and excessive force against the Plaintiff." Id. at ¶ 23. Because the plaintiff has named the Sheriff's Department in the caption of his Complaint, and because his sole allegation is against "[m]embers of" the Sheriff's Department and not against Sheriff Darr, it appears that the plaintiff is seeking to recover from the Sheriff's Department, not from Sheriff Darr individually. Therefore, I construe the Complaint as asserting the constitutional claims against Adams County Sheriff's Department and/or Sheriff Doug Darr in his official capacity.[3]

Suits against officers in their official capacities are suits against the entity of which an officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). In Monell v. New York

---

[3]To the extent the plaintiff is attempting to assert claims other than those I identify, the claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

City Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694.  A policy is a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entities' officers.  Id. at 690.  A custom is a "persistent and widespread ... practice[] of ... officials."  Id. at 691 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-168 (1970)).

The Complaint does not allege that any custom or policy is responsible for the deprivation of the plaintiff's constitutional rights.  To the contrary, it alleges that "[m]embers of" the Sheriff's Department violated his rights.  Insofar as the plaintiff is suing Sheriff Darr and the Adam's County Sheriff's Department for violating his constitutional rights, the claims should be dismissed.

## IV.  CONCLUSION

I respectfully RECOMMEND that the Adams County Sheriff's Department's Motion to Dismiss [Doc. #48] be GRANTED and that all claims against  Sheriff Darr and the Adam's County Sheriff's Department be DISMISSED.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives de novo review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal

questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A

party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  United States v. One Parcel of

Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

      Dated December 28, 2009.

                    BY THE COURT:

                     s/ Boyd N. Boland
                    United States Magistrate Judge