IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00098-PAB-BNB

ROBERT PAUL MAHAN,

Plaintiff,

vs.

ROXY HUBER, Executive Director, Colorado Department of Revenue,
COLORADO DEPT. OF MOTOR VEHICLES,
COLORADO STATE PATROL,
LOGAN COUNTY SHERIFF'S DEPT.,
STERLING COUNTY POLICE DEPT.,
CITY OF THORNTON POLICE DEPT.,
ADAMS COUNTY SHERIFF'S DEPT.,
ROBERT WATSON, 13th Judicial District Attorney,
MICHAEL SINGER, Logan County District Attorney, and
DON QUICK, 17th Judicial District Attorney, Adams County,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter is before me on the following motions:

1. **Motion to Dismiss of Defendant Powell, Sheriff of Logan County** [Doc. #44, filed 07/27/2009] (the "Motion"); and

2. **Logan County Sheriff's Department's Motion to Dismiss Complaint** [Doc. #74, filed 09/21/2009].[1]

---

[1] The Logan County Sheriff's Department's Motion to Dismiss Complaint adopts and incorporates the arguments presented in the Motion to Dismiss of Defendant Powell, Sheriff of Logan County.

I respectfully RECOMMEND that both motions be GRANTED and that all claims against Sheriff Brent Powell and the Logan County Sheriff's Department be dismissed.

## I.  STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

## II.  BACKGROUND

The plaintiff initiated this case by filing a document captioned Notice of Complaint to United States District Court, District of Colorado [Doc. #1] (the "Initial Complaint"). The Initial Complaint was deficient in form and content. Consequently, the Initial Complaint was stricken and the plaintiff was ordered to submit a complaint which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; D.C.COLO.LCiv.R 10; and the following directive:

> The complaint shall be submitted on the court's form. The
> background statement shall briefly summarize the plaintiff's case

> and shall not exceed one double-spaced typewritten page. Each
> claim shall be stated separately. Each claim shall state which
> defendant(s) the claim is brought against and shall briefly allege
> facts sufficient to state a claim for relief. Each claim shall not
> exceed two typewritten pages, double-spaced.

*Order* [Doc. #6] at pp. 3-4.

On February 27, 2009, the plaintiff submitted a proposed amended complaint which failed to comply with Fed. R. Civ. P. 8, D.C.COLO.LCivR 8.1A, and my order issued on January 26, 2009 [Doc. #10]. The proposed amended complaint was stricken, and the plaintiff was again ordered to submit a complaint on the court's form which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; D.C.COLO.LCiv.R 10; and my Order issued on January 26, 2009. *Order* [Doc. #11].

The plaintiff filed his Second Amended Complaint on March 31, 2009 [Doc. #12] (the "Complaint"). The Complaint contains the following allegations:

1. The plaintiff "travels in a recreational vehicle for non-commercial purposes." The vehicle "is a class of property not subject to be licensed." *Complaint*, ¶ 17.

2. The defendants "have arrested, fined, incarcerated, and in other ways impeded and harassed the Plaintiff for not having a chauffeur's license." Id. at ¶ 18.

3. Defendant Roxy Huber, Executive Director of the Colorado Department of Revenue, "has enforced upon the Plaintiff the requirement that he maintain a chauffeur's or other license in order to travel in his recreational vehicle in a non-commercial capacity." Id. at ¶ 22.

4. "Members of the Colorado State Patrol, the Adams County Colorado Sheriff's Department, the Logan County Colorado Sheriff's Department, the Thornton, Colorado, Police Department and the Sterling, Colorado, Police Department have without legal basis arrested,

impeded from traveling and used improper means of restraint and excessive force against the Plaintiff." Id. at ¶ 23.

  5. "Robert Watson, Michael Singer, Robert Smith, Michael Cox, and Don Quick have all either prosecuted or adjudicated cases wherein they improperly and illegally sentenced the Plaintiff for failing to maintain a chauffeur's license for travel in a non-commercial recreational vehicle." "These prosecutors and judges prosecuted and sentenced the Plaintiff for actions that do not constitute a crime." Id. at ¶ 24.

The plaintiff brings one claim for "Harassment Under Color of Law." Under this claim, he alleges violations of the "United States Constitution Article 1, Section 8.3, Article 3.2, Article 4.2(1) and (2), Amendment[s] I, IV, V, VI, VIII, IX, X, and XIV"; the "Colorado Constitution Article 2, Sections 1, 2, 3, 6, 7 and 24, 25, 28"; 42 U.S.C. §§ 14141, 1983, 1985(2) and (3), and 1986; 49 U.S.C. § 2701; and 18 U.S.C. §§ 241, 242, and 245(b)(2)(E). Id. at ¶ 26. He seeks injunctive relief including dismissal of several cases pending in Logan County and return of all bond money and fines paid by the plaintiff in these cases. Id. at pp. 7-8. He also seeks monetary damages in "the sum of $98,926,000 as $1,926,000 in specific damages for lost wages, ($1 million a day times 97 days) $97,000,000 in general damages for false arrest and false imprisonment, damage to his good name and honor, and otherwise general harassment." Id. at p. 8.

### III. ANALYSIS

#### A. Claims Pursuant to 42 U.S.C. § 1983

The plaintiff alleges that the defendants violated 42 U.S.C. § 1983. *Complaint*, ¶ 26. Section 1983 is a remedial statute, and it does not create any substantive rights. Tafoya v. Adams, 816 F.2d 555, 558 n.5 (10th Cir. 1987). Section 1983 "creates only a remedy for violations of rights secured by a federal statutory and constitutional laws."[2] Id. The plaintiff asserts claims under the "United States Constitution Article 1, Section 8.3, Article 3.2, Article 4.2(1) and (2), Amendment[s] I, IV, V, VI, VIII, IX, X, and XIV." *Complaint*, ¶ 26. The plaintiff's constitutional claims are asserted pursuant to section 1983.

Brett Powell, Sheriff of Logan County, asserts that these claims are brought against him in his official capacity. *Motion*, p. 2. However, the Complaint does not state whether Sheriff Powell is sued in his official capacity, his individual capacity, or both.

The distinction between "individual" and "official" capacities is derived from § 1983 jurisprudence and turns on "the capacity in which the state officer is sued, not the capacity in which the officer inflicts the alleged injury." Hafer v. Melo, 502 U.S. 21, 26 (1991). Specifically:

---

[2]Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State, . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

Kentucky v. Graham, 473 U.S. 159, 165-66 (1985) (internal quotations and citations omitted).

"When, as here, the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability." Trackwell v. United States Government, 472 F.3d 1242, 1244 (10th Cir. 2007) (internal quotations omitted).

The plaintiff does not name Sheriff Brent Powell in the caption of his Complaint; he names the Logan County Sheriff's Department. In the section of the Complaint titled "PARTIES," he names "BRETT POWELL in his capacity as Sheriff of Logan County Sherriff's [sic] Department." *Complaint*, ¶ 4. In the body of his Complaint, he states only that members of the Logan County Sheriff's Department "have without legal basis arrested, impeded from traveling and used improper means of restraint and excessive force against the Plaintiff." Id. at ¶ 23. Because the plaintiff has named the Sheriff's Department in the caption of his Complaint, and because his sole allegation is against "[m]embers of" the Sheriff's Department and not against Sheriff Powell, it appears that the plaintiff is seeking to recover from the Sheriff's

Department, not from Sheriff Powell individually. Therefore, I construe the Complaint as asserting the constitutional claims against Sheriff Brent Powell in his official capacity.[3]

Suits against officers in their official capacities are suits against the entity of which an officer is an agent. Kentucky v. Graham, 473 U.S. 159, 165-66 (1985). In Monell v. New York City Department of Social Services, 436 U.S. 658 (1978), the Supreme Court held that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents. Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. A policy is a policy statement, ordinance, regulation, or decision officially adopted and promulgated by the entities' officers. Id. at 690. A custom is a "persistent and widespread ... practice[] of ... officials." Id. at 691 (quoting Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-168 (1970)).

The Complaint does not allege that any custom or policy is responsible for the deprivation of the plaintiff's constitutional rights. Insofar as the plaintiff is suing Sheriff Powell and/or the Logan County Sheriff's Department for violating his constitutional rights, the claims should be dismissed.

## B. Claim Pursuant to the Colorado Constitution

The plaintiff alleges that the defendants' actions violated the "Colorado Constitution Article 2, Sections 1, 2, 3, 6, 7 and 24, 25, 28." *Complaint*, ¶ 26.

---

[3]To the extent the plaintiff is attempting to assert claims other than those I identify, the claims are unintelligible and will not be recognized. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "[t]he broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based").

Section 1 provides that "[a]ll political power is vested in and derived from the people; all government, of right, originates from the people, is founded upon their will only, and is instituted solely for the good of the whole." C.R.S. Const. Art. 2, 21 1.

Section 2 states that "[t]he people of this state have the sole and exclusive right of governing themselves, as a free, sovereign and independent state; and to alter and abolish their constitution and form of government whenever they may deem it necessary to their safety and happiness, provided, such change be not repugnant to the constitution of the United States." C.R.S. Const. Art. 2, § 2.

Section 3 provides that "[a]ll persons have certain natural, essential and inalienable rights, among which may be reckoned the right of enjoying and defending their lives and liberties; of acquiring, possessing and protecting property; and of seeking and obtaining their safety and happiness." C.R.S. Const. Art. 2, § 3.

Section 6 states that "[c]ourts of justice shall be open to every person, and a speedy remedy afforded for every injury to person, property or character; and right and justice should be administered without sale, denial or delay." C.R.S. Const. Art. 2, § 4.

Section 7 guards against unreasonable searches and seizures. C.R.S. Const. Art. 2, § 7.

Section 24 provides that "[t]he people have the right peaceably to assemble for the common good, and to apply to those invested with the powers of government for redress of grievances, by petition or remonstrance. C.R.S. Const. Art. 2, § 24.

Section 25 provides that "[n]o person shall be deprived of life, liberty or property, without due process of law." C.R.S. Const. Art. 2, § 25.

Section 28 provides that "[t]he enumeration in this constitution of certain rights shall not be construed to deny, impair or disparage others retained by the people." C.R.S. Const. Art. 2, § 28.

As a preliminary matter, I note that even if I were to assume that all of these constitutional provisions created substantive rights,[4] the Complaint does not contain sufficient specific factual allegations to state a plausible claim for relief under any of them.

Moreover, the Tenth Circuit Court of Appeals has recognized that state constitutional claims are precluded where another adequate remedy exists:

> In Bd. of County Comm'rs v. Sundheim, 926 P.2d 545 (Colo.1996) (en banc), the Colorado Supreme Court held that "[w]hile it may be appropriate to recognize an implied state constitutional cause of action when there is no other adequate remedy ⋯ where other adequate remedies exist, no implied remedy is necessary." Id. at 553. Section 1983 provides such an adequate remedy.

Arndt v. Koby, 309 F.3d 1247, 1255 (10th Cir. 2002). The fact that a plaintiff does not prevail on a §1983 claim "does not make it any less 'available' as a legal remedy under Sundheim." Id.

Here, the plaintiff claims that he was wrongfully arrested, fined, incarcerated, harassed, prosecuted, and found guilty of charges related to driving without a license. He has adequate remedies available pursuant to § 1983 for violations of the United States Constitution. Therefore, his claims under the Colorado Constitution should be dismissed as to all defendants.

---

[4] See, e.g., Sealock v. Colorado, 218 F.3d 1205, 1212-13 (10th Cir. 2000) (stating that "Article II, Section 6 of the Colorado Constitution . . . does not create any substantive right in a prospective litigant; rather, it creates a procedural right to a judicial remedy whenever the [Colorado] General Assembly creates a substantive right under Colorado law") (internal quotations omitted).

### C. Claim Pursuant to 42 U.S.C. 14141

Section 14141, 42 U.S.C., provides:

> a) Unlawful conduct
>
> It shall be unlawful for any governmental authority, or any agent thereof, or any person acting on behalf of a governmental authority, to engage in a pattern or practice of conduct by law enforcement officers or by officials or employees of any governmental agency with responsibility for the administration of juvenile justice or the incarceration of juveniles that deprives persons of rights, privileges, or immunities secured or protected by the Constitution or laws of the United States.
>
> (b) Civil action by Attorney General
>
> Whenever the Attorney General has reasonable cause to believe that a violation of paragraph (1) has occurred, the Attorney General, for or in the name of the United States, may in a civil action obtain appropriate equitable and declaratory relief to eliminate the pattern or practice.

The Complaint does not contain any allegations which state a plausible claim under section 14141. Moreover, the statute provides a right of action to the Attorney General; it does not provide a private right of action. The plaintiff's claims pursuant to 42 U.S.C. § 14141 should be dismissed as to all defendants.

### D. Claims Pursuant to 49 U.S.C. § 2701

The Complaint asserts that the defendants violated 49 U.S.C. § 2701, *Complaint* at ¶ 26, now codified at 49 U.S.C. § 31302. Section 31302 provides:

> No individual shall operate a commercial motor vehicle without a valid commercial driver's license issued in accordance with section 31308. An individual operating a commercial motor vehicle may have only one driver's license at any time and may have only one learner's permit at any time.

A violation of section 31302 renders an individual liable to the United States. Therefore, the plaintiff does not have a private right of action under section 31302. The plaintiff's claim pursuant to 49 U.S.C. § 2701 should be dismissed as to all defendants.

### E. Claims Pursuant to 42 U.S.C. §§ 1985(2) and (3) and 1986

The plaintiff alleges that the defendants violated 42 U.S.C. § 1985(2) and (3) and § 1986. *Complaint*, ¶ 26. Section 1985(2), 42 U.S.C., provides:

> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;

In order to state a claim under the portion of 42 U.S.C. s 1985(2) which precedes the semicolon, the plaintiff must allege specific facts which are sufficient to plausibly support a conspiracy directly affecting the act of attending or testifying as a witness in a federal court. Brever v. Rockwell Intern. Corp., 40 F.3d 1119, 1125 (10th Cir. 1994); Brown v. Chaffee, 612 F.2d 497, 502 (10th Cir. 1979). The Complaint does not contain any allegations of a conspiracy regarding a witness in federal court. To the contrary, the Complaint's allegations arise from proceedings in the state courts, and they do not concern attendance or testimony.

To state a claim under the latter portion of § 1985(2), the plaintiff must allege class-based, invidiously discriminatory animus. Bretz v. Kelman, 773 F.2d 1026, 1029 (9th Cir. 1985); Brawer v. Horowitz, 535 F.2d 830, 840 (3rd Cir. 1976). The Complaint does not contain any allegations of discriminatory animus.

Section 1985(3) provides:

> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(3).

This statute is narrowly construed, as follows:

> The case law has defined the elements of a claim under this statute. The essential elements of a §1985(3) claim are: (1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities; (3) an act in furtherance of the conspiracy; and (4) an injury or deprivation resulting therefrom. The evolving law has clarified these elements. Firstly, a valid claim must, of course, involve a conspiracy. Secondly, however, §1985(3) does not apply

> to all tortious, conspiratorial interferences with the rights of others, but rather, only to conspiracies motivated by some racial, or perhaps otherwise class-based, invidiously discriminatory animus. The other class-based animus language of this requirement has been narrowly construed and does not, for example, reach conspiracies motivated by an economic or commercial bias. In fact, the Supreme Court has held that it is a close question whether §1985(3) was intended to reach any class-based animus other than animus against Negroes and those who championed their cause.

Tilton v. Richardson, 6 F.3d 683, 686 (10th Cir. 1993) (internal quotations and citations omitted).

As noted above, the Complaint does not contain any allegations of discriminatory animus, nor does it contain any allegations pertinent to a conspiracy.

A claim under 42 U.S.C. § 1986 is dependent on the existence of a claim under section 1985. 42 U.S.C. § 1986; Taylor v. Nichols, 558 F.2d 561, 568 (10th Cir. 1977). Because the Complaint does not state a claim for relief under section 1985, the plaintiff has also failed to state a claim for relief under section 1986.

The Complaint does not contain any factual allegations which state a plausible claim under 42 U.S.C. § 1985(2) and (3) and § 1986 as against any of the defendants. These claims should be dismissed as to all defendants.

### F. Claims Pursuant to Title 18 of the United States Code

The plaintiff asserts that the defendants violated 18 U.S.C. §§ 241, 242, and 245(b)(2)(E). *Complaint*, ¶ 26. These federal criminal statutes do not provide for private civil causes of action. Kelly v. Rockefeller, 69 Fed.Appx. 414, 415-16, 2003 WL 21386338, at *2 (10th Cir. June 17, 2003) (stating that the "district court correctly dismissed plaintiff's claims under 18 U.S.C. § 241 and § 245, for failure to state a claim, because the criminal statutes do not provide for private civil causes of action"); Henry v. Albuquerque Police Dept., 49 Fed. Appx.

272, 273, 2002 WL 31379859, at *1 (10th Cir. October 23, 2002) (stating that "18 U.S.C. §§ 241 and 242 ... like other [criminal] statutes, do not provide for a private civil cause of action"). The plaintiff's claim pursuant to 18 U.S.C. §§ 241, 242, and 245(b)(2)(E) should be dismissed as to all defendants.

## IV. CONCLUSION

I respectfully RECOMMEND that the Motion to Dismiss of Defendant Powell, Sheriff of Logan County [Doc. #44] and the Logan County Sheriff's Department's Motion to Dismiss Complaint [Doc. #74] be GRANTED and that all claims against Sheriff Brent Powell and the Logan County Sheriff's Department be dismissed.

I further RECOMMEND that the following claims be dismissed as to all defendants:

1. All claims brought pursuant to the "Colorado Constitution Article 2, Sections 1, 2, 3, 6, 7 and 24, 25, 28";

2. All claims brought under 42 U.S.C. §§ 14141, 1985(2) and (3), and 1986;

3. All claims brought pursuant to 49 U.S.C. § 2701; and

4. All claims asserted under 18 U.S.C. §§ 241, 242, and 245(b)(2)(E).

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue

for *de novo* review by the district court or for appellate review.  <u>United States v. One Parcel of Real Property</u>, 73 F.3d 1057, 1060 (10th Cir. 1996).

  Dated December 28, 2009.

BY THE COURT:

 s/ Boyd N. Boland  
United States Magistrate Judge
