IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00098-PAB-BNB

ROBERT PAUL MAHAN,

Plaintiff,

vs.

ROXY HUBER, Executive Director, Colorado Department of Revenue,
COLORADO DEPT. OF MOTOR VEHICLES,
COLORADO STATE PATROL,
LOGAN COUNTY SHERIFF'S DEPT.,
STERLING COUNTY POLICE DEPT.,
CITY OF THORNTON POLICE DEPT.,
ADAMS COUNTY SHERIFF'S DEPT.,
ROBERT WATSON, 13th Judicial District Attorney,
MICHAEL SINGER, Logan County District Attorney, and
DON QUICK, 17th Judicial District Attorney, Adams County,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the following motions:

1. **Motion to Dismiss Defendant Don Quick and Motion for an Award of Attorney Fees Against Plaintiff** [Doc. #20, filed 05/21/2009] ("Quick's Motion"); and

2. **Defendant Watson's Motion to Dismiss** [Doc. #31, filed 06/01/2009] ("Watson's Motion").

I respectfully RECOMMEND that the motions be GRANTED and that all claims against defendants Quick and Watson be DISMISSED.

## I. STANDARD OF REVIEW

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, I may treat the motion as a Rule 56 summary judgment motion when matters outside the pleadings are presented to and not excluded by me, and all parties have been given a reasonable opportunity to respond as provided in Rule 56. Fed.R.Civ.P. 12(d). Defendant Quick relies on an exhibit in support of his argument that he did not personally participate in the alleged constitutional and statutory violations.[1] *Quick's Motion*, ¶ 1 and Ex. A. Because I do not refer

---

[1] Quick also attaches exhibits in support of his request for an award of attorneys' fees. *Quick's Motion*, ¶ 4, Exs. B and C. As discussed below, I do not consider these exhibits because Quick's request for attorneys' fees is denied without prejudice.

to the exhibit in my analysis of Quick's Motion, I need not convert the motion into one for summary judgment. Fed.R.Civ.P. 12(d).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

The plaintiff initiated this case by filing a document captioned Notice of Complaint to United States District Court, District of Colorado [Doc. #1] (the "Initial Complaint"). The Initial Complaint was deficient in form and content. Consequently, the Initial Complaint was

3

stricken and the plaintiff was ordered to submit a complaint which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; D.C.COLO.LCiv.R 10; and the following directive:

> The complaint shall be submitted on the court's form. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be stated separately. Each claim shall state which defendant(s) the claim is brought against and shall briefly allege facts sufficient to state a claim for relief. Each claim shall not exceed two typewritten pages, double-spaced.

*Order* [Doc. #6] at pp. 3-4.

On February 27, 2009, the plaintiff submitted a proposed amended complaint which failed to comply with Fed. R. Civ. P. 8, D.C.COLO.LCivR 8.1A, and my order issued on January 26, 2009 [Doc. #10]. The proposed amended complaint was stricken and the plaintiff was again ordered to submit a complaint on the court's form which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; D.C.COLO.LCiv.R 10; and my Order issued on January 26, 2009. *Order* [Doc. #11].

The plaintiff filed his Second Amended Complaint on March 31, 2009 [Doc. #12] (the "Complaint"). The Complaint contains the following allegations:

1. The plaintiff "travels in a recreational vehicle for non-commercial purposes." The vehicle "is a class of property not subject to be licensed." *Complaint*, ¶ 17.

2. The defendants "have arrested, fined, incarcerated, and in other ways impeded and harassed the Plaintiff for not having a chauffeur's license." Id. at ¶ 18.

3. Defendant Roxy Huber, Executive Director of the Colorado Department of Revenue, "has enforced upon the Plaintiff the requirement that he maintain a chauffeur's or other license in order to travel in his recreational vehicle in a non-commercial capacity." Id. at ¶ 22.

4. "Members of the Colorado State Patrol, the Adams County Colorado Sheriff's Department, the Logan County Colorado Sheriff's Department, the Thornton, Colorado[] Police Department and the Sterling, Colorado[] Police Department have without legal basis arrested, impeded from traveling and used improper means of restraint and excessive force against the Plaintiff." Id. at ¶ 23.

5. "Robert Watson, Michael Singer, Robert Smith, Michael Cox, and Don Quick have all either prosecuted or adjudicated cases wherein they improperly and illegally sentenced the Plaintiff for failing to maintain a chauffeur's license for travel in a non-commercial recreational vehicle." "These prosecutors and judges prosecuted and sentenced the Plaintiff for actions that do not constitute a crime." Id. at ¶ 24.

The plaintiff brings one claim for "Harassment Under Color of Law." Under this claim, he alleges violations of the "United States Constitution Article 1, Section 8.3, Article 3.2, Article 4.2(1) and (2), Amendment[s] I, IV, V, VI, VIII, IX, X, and XIV"; the "Colorado Constitution Article 2, Sections 1, 2, 3, 6, 7 and 24, 25, 28"; 42 U.S.C. §§ 14141, 1983, 1985(2) and (3), and 1986; 49 U.S.C. § 2701; and 18 U.S.C. §§ 241, 242, and 245(b)(2)(E).[2] Id. at ¶ 26. He seeks injunctive relief including dismissal of several cases pending in Logan County and return of all bond money and fines paid by the plaintiff in these cases. Id. at pp. 7-8. He also seeks monetary damages in "the sum of $98,926,000 as $1,926,000 in specific damages for lost wages, ($1 million a day times 97 days) $97,000,000 in general damages for false arrest and false

---

[2] By a separate Recommendation, I have recommended that all claims other than the constitutional claims asserted pursuant to section 1983 be dismissed as to all defendants. Therefore, I do not address in this recommendation the claims brought pursuant to the "Colorado Constitution Article 2, Sections 1, 2, 3, 6, 7 and 24, 25, 28"; 42 U.S.C. §§ 14141, 1985(2) and (3), and 1986; 49 U.S.C. § 2701; and 18 U.S.C. §§ 241, 242, and 245(b)(2)(E).

5

imprisonment, damage to his good name and honor, and otherwise general harassment." Id. at p. 8.

### III. ANALYSIS

#### C. Eleventh Amendment Immunity

Defendant Watson asserts that the claims against him in his official capacity are barred by Eleventh Amendment Immunity. *Watson's Motion*, pp. 3-5. Defendant Quick does not raise Eleventh Amendment immunity. I must address Eleventh Amendment immunity as to defendant Quick, however, because it is implicated with respect to the subject matter jurisdiction of this court to determine the plaintiff's claims. Koerpel v. Heckler, 797 F.2d 858, 861 (10th Cir. 1986) (stating that "[i]nasmuch as federal courts are courts of limited jurisdiction, the court may and, in fact, has an obligation to inquire into its jurisdiction *sua sponte*").

Eleventh Amendment immunity is a facial challenge to the Complaint's allegations. Therefore, I accept the allegations of the Complaint as true. Holt, 46 F.3d at 1003.

The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted). Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979).

Watson is a District Attorney for the Thirteenth Judicial District of the State of Colorado. *Complaint*, ¶ 8. Quick is a District Attorney for the Seventh Judicial District. Id. at ¶ 12. District attorney offices are arms of the state. E.g. Rozek v. Topolnicki, 865 F.2d 1154, 1158

(10th Cir. 1989); Romero v. Boulder County DA's Office, 87 Fed. Appx. 696, 698, 2004 WL 100523, at *1 (10th Cir. Jan. 22, 2004); Bragg v. Office of the District Attorney, Thirteenth Judicial District, 2009 WL 2151333, at *26-30 (D.Colo. July 16, 2009). Therefore, Quick and Watson are state officials.[3] The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst, 465 U.S. at 102-03,105-06. Therefore, insofar as the plaintiff is suing Quick and Watson in their official capacities, the Eleventh Amendment bars suit against them for retroactive monetary relief.[4]

### B. Absolute Prosecutorial Immunity

Quick and Watson assert that they are entitled to absolute prosecutorial immunity. *Quick's Motion*, ¶ 2; *Watson's Motion*, p. 5-6. Prosecutors enjoy absolute immunity from civil suits for damages asserted against them in their individual capacities for actions taken "in initiating a prosecution and in presenting the State's case." Imbler v. Pachtman, 424 U.S. 409, 427 (1976); Meade v. Grubbs, 841 F.2d 1512, 1532-33 (10th Cir. 1988). The question of whether a prosecutor's actions are absolutely immune depends on the nature of the function performed by the prosecutor at the time of the alleged misconduct. Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). Actions taken as an advocate enjoy absolute immunity, id. at 272, whereas "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an

---

[3] Watson argues that the Office of the District Attorney is entitled to Eleventh Amendment immunity. However, the plaintiff does not name as a defendant the Office of the District Attorney; he names Watson. Therefore, I analyze Eleventh Amendment immunity as to Watson, not the Office of the District Attorney.

[4] The Complaint does not state whether the plaintiff is suing the defendants in their individual capacities, official capacities, or both.

advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity." Id. at 273.

"[A]cts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity." Id. "Those acts must include the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek an indictment has been made," id., and can "involve actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Id. at 272 (internal quotations omitted). In addition, absolute immunity is extended to a prosecutor's "appearance in court to support an application for a search warrant and the presentation of evidence at that hearing." Burns v. Reed, 500 U.S. 478, 492 (1991). Absolute immunity is also extended to a prosecutor's "knowing use of false [evidence] before the grand jury and at trial," Id. at 485. Moreover, advocacy functions include a prosecutor's actions in "filing charges, procuring an arrest warrant, and seeking a particular bail amount." Lerwill v. Joslin, 712 F.2d 435, 437-38 (10th Cir. 1983). "[S]ince a prosecutor's immunity is absolute, it applies no matter how obvious it is to the prosecutor that he is acting unconstitutionally and thus beyond his authority." Id. at 438.

The Complaint alleges only that Quick and Watson prosecuted the plaintiff for actions that do not constitute a crime. *Complaint*, ¶ 24. The defendants' actions in prosecuting the plaintiff are protected by absolute immunity. The Complaint does not contain specific allegations sufficient to establish that they plausibly support a claim for any administrative and/or investigative functions by the defendants. The Motion should be granted insofar as it

seeks dismissal of the plaintiff's constitutional claims against Quick and Watson in their individual capacities.

### D. Failure to State a Claim

The defendants assert that the plaintiff's claims against them do not state a claim upon which relief can be granted. *Quick's Motion*, ¶ 3; *Watson's Motion*, pp. 6-8. The remaining claims are the constitutional claims asserted against Quick and Watson in their official capacities for prospective injunctive relief. The following are the plaintiff's only allegations in this context:

> Robert Watson , Michael Singer, Robert Smith, Michael Cox,[5] and Don Quick have all either prosecuted or adjudicated cases wherein they improperly and illegally sentenced the Plaintiff for failing to maintain a chauffeur's license for travel in a non-commercial recreational vehicle. These acts blatantly disregarded the below-referenced statutes and Constitutional Articles that show the Plaintiff does not require a chauffeur's license for travel in a non-commercial recreational vehicle. These prosecutors and judges prosecuted and sentenced the Plaintiff for actions that do not constitute a crime.

*Complaint*, ¶ 24.

"The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted). If the complaint's allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." Id. (internal quotations and citation omitted). "The allegations must be enough that, if assumed to be true,

---

[5]I have separately recommended that the claims against Judges Singer, Smith, and Cox be dismissed based on absolute judicial immunity.

the plaintiff plausibly (not just speculatively) has a claim for relief." Id. This is especially true in cases, like this one, where the plaintiff has been directed on two separate occasions to file a complaint which alleges facts sufficient to state a claim for relief.

The plaintiff's vague and conclusory allegations are not sufficient to state a plausible claim that Quick and Watson violated the "United States Constitution Article 1, Section 8.3, Article 3.2, Article 4.2(1) and (2), Amendment[s] I, IV, V, VI, VIII, IX, X, and XIV." Id. at ¶ 26.

The defendant's motions should be granted to the extent they seek dismissal of the constitutional claims against defendants Quick and Watson for failure to state a claim upon which relief can be granted.

### E. Attorneys' Fees

Defendant Quick seeks to recover an award of attorneys' fees under 42 U.S.C. § 1988. *Quick's Motion*, ¶ 4. This request is denied without prejudice. The defendant may reassert his request in the event this recommendation is adopted by the district judge.

### IV. CONCLUSION

I respectfully RECOMMEND that the Motion to Dismiss Defendant Don Quick and Motion for an Award of Attorney Fees Against Plaintiff [Doc. #20] and Defendant Watson's Motion to Dismiss [Doc. #31] be GRANTED insofar as they seek dismissal of the claims against defendants Quick and Watson.

FURTHER, IT IS ORDERED that Motion to Dismiss Defendant Don Quick and Motion for an Award of Attorney Fees Against Plaintiff [Doc. #20] is DENIED without prejudice to the extent it seeks an award of attorneys' fees.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 28, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge