IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 09-cv-00098-PAB-BNB

ROBERT PAUL MAHAN,

Plaintiff,

vs.

ROXY HUBER, Executive Director, Colorado Department of Revenue,
COLORADO DEPT. OF MOTOR VEHICLES,
COLORADO STATE PATROL,
LOGAN COUNTY SHERIFF'S DEPT.,
STERLING COUNTY POLICE DEPT.,
CITY OF THORNTON POLICE DEPT.,
ADAMS COUNTY SHERIFF'S DEPT.,
ROBERT WATSON, 13th Judicial District Attorney,
MICHAEL SINGER, Logan County District Attorney, and
DON QUICK, 17th Judicial District Attorney, Adams County,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **State Defendants' Motion to Dismiss** [Doc. #28, filed 06/01/2009] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion to dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P, the court must accept the plaintiff's well-pleaded allegations as true and must construe all reasonable inferences

in favor of the plaintiff. City of Los Angeles v. Preferred Communications, Inc., 476 U.S. 488, 493 (1986); Mitchell v. King, 537 F.2d 385, 386 (10th Cir. 1976). The complaint must contain specific allegations sufficient to establish that it plausibly supports a claim for relief. Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984).

The standard of review for a motion to dismiss for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) is described as follows:

> Generally, Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction take two forms. First, a facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint. In reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true.
>
> Second, a party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.
>
> However, a court is required to convert a Rule 12(b)(1) motion to dismiss into a Rule 12(b)(6) motion or a Rule 56 summary judgment motion when resolution of the jurisdictional question is intertwined with the merits of the case. The jurisdictional question is intertwined with the merits of the case if subject matter jurisdiction is dependent on the same statute which provides the substantive claim in the case.

Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995) (citations omitted).

## II.  BACKGROUND

The plaintiff initiated this case by filing a document captioned Notice of Complaint to United States District Court, District of Colorado [Doc. #1] (the "Initial Complaint"). The Initial Complaint was deficient in form and content. Consequently, the Initial Complaint was stricken and the plaintiff was ordered to submit a complaint which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; D.C.COLO.LCiv.R 10; and the following directive:

> The complaint shall be submitted on the court's form. The background statement shall briefly summarize the plaintiff's case and shall not exceed one double-spaced typewritten page. Each claim shall be stated separately. Each claim shall state which defendant(s) the claim is brought against and shall briefly allege facts sufficient to state a claim for relief. Each claim shall not exceed two typewritten pages, double-spaced.

*Order* [Doc. #6] at pp. 3-4.

On February 27, 2009, the plaintiff submitted a proposed amended complaint which failed to comply with Fed. R. Civ. P. 8, D.C.COLO.LCivR 8.1A, and my order issued on January 26, 2009 [Doc. #10]. The proposed amended complaint was stricken and the plaintiff was again ordered to submit a complaint on the court's form which complies with Fed. R. Civ. P. 8; D.C.COLO.LCivR 8.1A; D.C.COLO.LCiv.R 10; and my Order issued on January 26, 2009. *Order* [Doc. #11].

The plaintiff filed his Second Amended Complaint on March 31, 2009 [Doc. #12] (the "Complaint"). The Complaint contains the following allegations:

1. The plaintiff "travels in a recreational vehicle for non-commercial purposes." The vehicle "is a class of property not subject to be licensed." *Complaint*, ¶ 17.

2.  The defendants "have arrested, fined, incarcerated, and in other ways impeded and harassed the Plaintiff for not having a chauffeur's license." Id. at ¶ 18.

3.  Defendant Roxy Huber, Executive Director of the Colorado Department of Revenue, "has enforced upon the Plaintiff the requirement that he maintain a chauffeur's or other license in order to travel in his recreational vehicle in a non-commercial capacity." Id. at ¶ 22.

4.  "Members of the Colorado State Patrol, the Adams County Colorado Sheriff's Department, the Logan County Colorado Sheriff's Department, the Thornton, Colorado[] Police Department and the Sterling, Colorado[] Police Department have without legal basis arrested, impeded from traveling and used improper means of restraint and excessive force against the Plaintiff." Id. at ¶ 23.

5.  "Robert Watson, Michael Singer, Robert Smith, Michael Cox, and Don Quick have all either prosecuted or adjudicated cases wherein they improperly and illegally sentenced the Plaintiff for failing to maintain a chauffeur's license for travel in a non-commercial recreational vehicle." "These prosecutors and judges prosecuted and sentenced the Plaintiff for actions that do not constitute a crime." Id. at ¶ 24.

The plaintiff brings one claim for "Harassment Under Color of Law." Under this claim, he alleges violations of the "United States Constitution Article 1, Section 8.3, Article 3.2, Article 4.2(1) and (2), Amendment[s] I, IV, V, VI, VIII, IX, X, and XIV"; the "Colorado Constitution Article 2, Sections 1, 2, 3, 6, 7 and 24, 25, 28"; 42 U.S.C. §§ 14141, 1983, 1985(2) and (3), and 1986; 49 U.S.C. § 2701; and 18 U.S.C. §§ 241, 242, and 245(b)(2)(E).[1] Id. at ¶ 26. He seeks

---

[1] By a separate Recommendation, I have recommended that all claims other than the constitutional claims asserted pursuant to section 1983 be dismissed as to all defendants. Therefore, I do not address in this recommendation the claims brought pursuant to the "Colorado

injunctive relief including dismissal of several cases pending in Logan County and return of all bond money and fines paid by the plaintiff in these cases. Id. at pp. 7-8. He also seeks monetary damages in "the sum of $98,926,000 as $1,926,000 in specific damages for lost wages, ($1 million a day times 97 days) $97,000,000 in general damages for false arrest and false imprisonment, damage to his good name and honor, and otherwise general harassment." Id. at p. 8.

### III. ANALYSIS

#### A. Identification of Parties

The defendants assert that the court does not have jurisdiction over defendants Mark Trostel, Judge Robert Smith, and Judge Michael Cox because they are not named in the caption of the Complaint. *Motion*, p. 3.

"The general rule is that in the caption of the complaint, the title of the action shall include the names of all the parties. Fed.R.Civ.P. 10(a). But in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are." Trackwell v. United States Government, 472 F.3d 1242, 1243-44 (10th Cir. 2007) (internal quotations omitted).

Here, defendants Mark Trostel, Judge Robert Smith, and Judge Michael Cox are not named in the caption of the Complaint, but they are listed in the section of the Complaint titled "PARTIES." *Complaint*, ¶¶ 10-11. Mark Trostel's name does not appear anywhere else in the

---

Constitution Article 2, Sections 1, 2, 3, 6, 7 and 24, 25, 28"; 42 U.S.C. §§ 14141, 1985(2) and (3), and 1986; 49 U.S.C. § 2701; and 18 U.S.C. §§ 241, 242, and 245(b)(2)(E).

Complaint, and there are no allegations directed at him. Therefore, Trostel is not a properly named defendant in this case.[2] The plaintiff specifically alleges in the body of the complaint that Judges Robert Smith and Michael Cox improperly adjudicated his cases. Id. at ¶ 24. The Motion should be denied to the extent that it seeks dismissal of Judges Smith and Cox because they are not named in the caption of the Complaint.

### B.  Absolute Judicial Immunity

Judges Singer, Cox, and Smith assert that they are entitled to absolute judicial immunity. *Motion*, p. 3. Judges are immune from "liability for damages for acts committed within their judicial jurisdiction." Pierson v. Ray, 386 U.S. 547, 554 (1967). Judicial immunity applies regardless of whether the judge acted maliciously or corruptly, Forrester v. White, 484 U.S. 219, 225 (1988), and regardless of whether the judge acted in error. Moss v. Kopp, 559 F.3d, 1163-64 (10th Cir. 2009). Judicial immunity is overcome only where (1) the actions in question were not taken in the judge's judicial capacity, and (2) where the actions in question were taken in the clear absence of all jurisdiction. Mireles v. Waco, 502 U.S. 9, 11-12 (1991).

The plaintiff does not allege that Judges Singer, Cox, and Smith acted outside of their judicial capacity or in the absence of all jurisdiction. To the contrary, he alleges that they adjudicated his cases and sentenced him in blatant disregard to the applicable law. *Complaint*, ¶ 24. The allegations against these judges all arise out of their actions while presiding over the plaintiff's cases. Therefore, Judges Singer, Cox, and Smith were performing judicial acts, and they are entitled to absolute judicial immunity. See id.

---

[2]Trostel was terminated as a defendant upon the filing of the Second Amended Complaint on March 31, 2009.

### C. Eleventh Amendment Immunity

The defendants assert that the claims against the Colorado Department of Motor Vehicles, the Colorado State Patrol, and defendant Huber in her official capacity are barred by Eleventh Amendment Immunity. *Motion*, p. 4. This is a facial challenge to the Complaint's allegations. Therefore, I accept the allegations of the Complaint as true. Holt, 46 F.3d at 1003.

The Eleventh Amendment bars suits in federal courts against unconsenting states by the state's own citizens and by citizens of another state. Port Auth. Trans-Hudson Corp. v. Feeney, 495 U.S. 299, 304 (1990). Eleventh Amendment immunity "constitutes a bar to the exercise of federal subject matter jurisdiction." Fent v. Okla. Water Res. Bd., 235 F.3d 553, 559 (10th Cir. 2000) (emphasis omitted).

The Eleventh Amendment precludes federal jurisdiction in suits against a state or state agency either for money damages or for injunctive relief. Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100 (1984); Ellis v. University of Kansas Medical Center, 163 F.3d 1186, 1196 (10th Cir. 1999). The Colorado Department of Motor Vehicles and the Colorado State Patrol are state agencies. Eleventh Amendment immunity applies to suits arising under 42 U.S.C. § 1983. Quern v. Jordan, 440 U.S. 332, 345 (1979). Therefore, the plaintiff's claims against the Colorado Department of Motor Vehicles and the Colorado State Patrol are barred by Eleventh Amendment immunity.

The Complaint does not state whether the plaintiff is suing defendant Huber in her official or individual capacity. Huber is a state official. *Complaint*, ¶ 2. The Eleventh Amendment precludes federal jurisdiction over state officials acting in their official capacities as to retroactive monetary relief, but not as to prospective injunctive relief. Pennhurst, 465 U.S. at

102-03,105-06.  Therefore, insofar as the plaintiff is suing Huber in her official capacity, the Eleventh Amendment bars suit against her for retroactive monetary relief.

The Motion should be granted to the extent it seeks dismissal of the Colorado Department of Motor Vehicles, the Colorado State Patrol, and defendant Huber in her official capacity for retroactive monetary relief as barred by Eleventh Amendment immunity.

### D.  Failure to State a Claim

The defendants assert that the plaintiff has failed to state a claim upon which relief can be granted. *Motion*, p. 5. The remaining claims are the constitutional claims asserted against Ms. Huber in her individual capacity.  The plaintiff's sole allegation against Ms. Huber is that she "has enforced upon the Plaintiff the requirement that he maintain a chauffeur's or other license in order to travel in his recreational vehicle in a non-commercial capacity." Id. at ¶ 22.

"The burden is on the plaintiff to frame a complaint with enough factual matter (taken as true) to suggest that he or she is entitled to relief." Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008) (internal quotations and citation omitted).  If the complaint's allegations "are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." Id. (internal quotations and citation omitted).  "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." Id.  This is especially true in cases, like this one, where the plaintiff has been directed on two separate occasions to file a complaint which alleges facts sufficient to state a claim for relief.

The plaintiff's vague and conclusory allegations are not sufficient to state a plausible claim that Ms. Huber violated the "United States Constitution Article 1, Section 8.3, Article 3.2, Article 4.2(1) and (2), Amendment[s] I, IV, V, VI, VIII, IX, X, and XIV." Id. at ¶ 26.

The defendants' Motion should be granted to the extent it seeks dismissal of the constitutional claims against defendant Huber in her individual capacity.

## IV. CONCLUSION

I respectfully RECOMMEND that the State Defendants' Motion to Dismiss be GRANTED and that the claims against defendants Judge Robert Smith, Judge Michael Cox, Judge Michael Singer, the Colorado Department of Motor Vehicles, the Colorado State Patrol, and Roxy Huber be dismissed.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated December 28, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge