IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00098-PAB-BNB

ROBERT PAUL MAHAN,

    Plaintiff,

v.

ROXY HUBER, Executive Director, Colorado Department of Revenue,
COLORADO DEPT. OF MOTOR VEHICLES,
COLORADO STATE PATROL,
LOGAN COUNTY SHERIFF'S DEPT.,
STERLING COUNTY POLICE DEPT.,
CITY OF THORNTON POLICE DEPT.,
ADAMS COUNTY SHERIFF'S DEPT.,
ROBERT WATSON, 13th Judicial District Attorney,
MICHAEL SINGER, Logan County District Attorney, and
DON QUICK, 17th Judicial District Attorney, Adams County,

    Defendants.
_____

**ORDER**
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 82], which recommends that the Court grant defendant City of Sterling's Motion for Summary Judgment [Docket No. 51]. On January 14, 2010, plaintiff filed timely objections [Docket No. 88] to the Recommendation.

The magistrate judge construed plaintiff's complaint as seeking recovery from the Chief of the Sterling Police Department in his official capacity. Plaintiff agrees with

this reading of his complaint. Pl.'s Response to Recommendation [Docket No. 88] at 3; see *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Having conducted a *de novo* review of the record, the Court concludes that the record contains no evidence of any policy or custom of the City of Sterling that deprived plaintiff of a legally cognizable right. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694 (1978).[1]

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 82] is ACCEPTED. It is further

**ORDERED** that defendant's motion for summary judgment [Docket No. 51] is GRANTED. Summary judgment shall enter in favor of defendant Sterling County Police Department on all claims against it.

---

[1]The Court notes that plaintiff's claims are based on a misreading of the relevant state statute, Colo. Rev. Stat. § 42-2-101(1), which he reads to apply only to "commercial drivers" and not to noncommercial recreational vehicles. In fact, the statute makes clear that a separate statutory section addresses commercial drivers, and that "no person shall drive any motor vehicle upon a highway in this state unless such person has been issued a currently valid driver's license . . . by the department under this article." Colo. Rev. Stat. § 42-2-101. Plaintiff offers no evidence nor any persuasive argument that his vehicle was not a "motor vehicle" for purposes of the licensing requirement or that the statute is constitutionally invalid.

DATED March 2, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge