IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00098-PAB-BNB

ROBERT PAUL MAHAN,

Plaintiff,

v.

ROXY HUBER, et al.,

Defendants.

_____

**ORDER**

_____

This matter comes before the Court on the Recommendation of United States

Magistrate Judge ("the Recommendation") [Docket No. 83], which recommends that the

Court grant the City of Thornton's motion for summary judgment [Docket No. 52 ]. On

January 14, 2010, plaintiff filed timely objections [Docket No. 89] to the

Recommendation.

The magistrate judge construed plaintiff's complaint as seeking recovery from

the Chief of the Thornton Police Department in his official capacity. Plaintiff agrees with

this reading of his complaint. Pl.'s Response to Recommendation [Docket No. 89] at 3;

*see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). Having conducted a *de novo*

review of the record, the Court concludes that the record contains no evidence of any

policy or custom of the City of Thornton that deprived plaintiff of a legally cognizable

right.  *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694 (1978).[1]

Accordingly, it is

ORDERED that the Recommendation of United States Magistrate Judge [Docket

No. 83] is ACCEPTED.  It is further

ORDERED that defendant's motion for summary judgment [Docket No. 52] is

GRANTED.  Summary judgment shall enter in favor of defendant City of Thornton

Police Department on all claims against it.


DATED March 2, 2010.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[1]The Court notes that plaintiff's claims appears to be based on a misreading of the relevant state statute, Colo. Rev. Stat. § 42-2-101(1), which he reads to apply only to "commercial drivers" and not to noncommercial recreational vehicles.  In fact, the statute makes clear that a separate statutory section addresses commercial drivers, and that "no person shall drive any motor vehicle upon a highway in this state unless such person has been issued a currently valid driver's license . . .  by the department under this article."  Colo. Rev. Stat. § 42-2-101.  Plaintiff offers no evidence nor any persuasive argument that his vehicle was not a "motor vehicle" for purposes of the licensing requirement or that the statute is constitutionally invalid.