IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00098-PAB-BNB

ROBERT PAUL MAHAN,

     Plaintiff,

v.

ROXY HUBER, Executive Director, Colorado Department of Revenue,
COLORADO DEPT. OF MOTOR VEHICLES,
COLORADO STATE PATROL,
LOGAN COUNTY SHERIFF'S DEPT.,
STERLING COUNTY POLICE DEPT.,
CITY OF THORNTON POLICE DEPT.,
ADAMS COUNTY SHERIFF'S DEPT.,
ROBERT WATSON, 13th Judicial District Attorney,
MICHAEL SINGER, Logan County District Attorney, and
DON QUICK, 17th Judicial District Attorney, Adams County,

     Defendants.
_____

**ORDER**
_____

     This matter comes before the Court on the Recommendation of United States

Magistrate Judge ("the Recommendation") [Docket No. 84], which recommends that the

Court grant defendant Adams County Sheriff's Department's Motion to Dismiss [Docket

No. 48]. On January 14, 2010, plaintiff filed timely objections [Docket No. 90] to the

Recommendation.

     The magistrate judge construed plaintiff's complaint as seeking recovery from

the Sheriff of Adams County, Colorado, in his official capacity. Plaintiff agrees with this

reading of his complaint.  Pl.'s Response to Recommendation [Docket No. 90] at 3; *see*

*Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985).  The Court has conducted a *de*

*novo* review of the record and has construed the plaintiff's pleadings liberally in light of

his status as a *pro se* plaintiff.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

The Court concludes that the complaint contains no allegations of a policy or custom of

Adams County that deprived plaintiff of a legally cognizable right.  *See Monell v. New*

*York City Dep't of Social Services*, 436 U.S. 658, 694 (1978).[1]

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket

No. 84] is ACCEPTED.  It is further

**ORDERED** that defendant's motion to dismiss [Docket No. 48] is GRANTED.

The claims against the Adams County Sheriff's Department are dismissed.

---

[1]The Court notes that plaintiff's claims are based on a misreading of the relevant
state statute, Colo. Rev. Stat. § 42-2-101(1), which he reads to apply only to
"commercial drivers" and not to noncommercial recreational vehicles.  In fact, the
statute makes clear that a separate statutory section addresses commercial drivers,
and that "no person shall drive any motor vehicle upon a highway in this state unless
such person has been issued a currently valid driver's license . . .  by the department
under this article."  Colo. Rev. Stat. § 42-2-101.  Plaintiff offers no evidence nor any
persuasive argument that his vehicle was not a "motor vehicle" for purposes of the
licensing requirement or that the statute is constitutionally invalid.

DATED March 2, 2010.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge