IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00098-PAB-BNB

ROBERT PAUL MAHAN,

    Plaintiff,

v.

ROXY HUBER, Executive Director, Colorado Department of Revenue,
COLORADO DEPT. OF MOTOR VEHICLES,
COLORADO STATE PATROL,
LOGAN COUNTY SHERIFF'S DEPT.,
STERLING COUNTY POLICE DEPT.,
CITY OF THORNTON POLICE DEPT.,
ADAMS COUNTY SHERIFF'S DEPT.,
ROBERT WATSON, 13th Judicial District Attorney,
MICHAEL SINGER, Logan County District Attorney, and
DON QUICK, 17th Judicial District Attorney, Adams County,

    Defendants.
_____

**ORDER**
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 85], which recommends that the Court grant the motions to dismiss of defendant Powell, Sheriff of Logan County [Docket No. 44] and defendant Logan County Sheriff's Department [Docket No. 74]. On January 14, 2010, plaintiff filed timely objections [Docket No. 91] to the Recommendation. Defendants Logan County Sheriff's Department and Powell filed a response [Docket No. 98] to the objections.

The magistrate judge construed plaintiff's complaint as seeking recovery from the Sheriff of Logan County, Colorado, in his official capacity. Plaintiff agrees with this reading of his complaint. Pl.'s Response to Recommendation [Docket No. 91] at 3; *see Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). The Court has conducted a *de novo* review of the record and has construed the plaintiff's pleadings liberally in light of his status as a *pro se* plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court concludes that the complaint contains no allegations of a policy or custom of Logan County that deprived plaintiff of a legally cognizable right. *See Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694 (1978).

Plaintiff also raises claims under eight separate sections of the Colorado Constitution. The magistrate judge correctly concluded that, even assuming that the cited provisions provide a substantive remedy, plaintiff has failed to allege facts supporting a plausible claim for relief. The sum and substance of his allegations are that enforcement of statutory provisions requiring he have a license to drive a motor vehicle infringe his constitutional rights. Plaintiff's claims are based on a misreading of the relevant state statute, Colo. Rev. Stat. § 42-2-101(1), which he interprets to apply only to "commercial drivers" and not to noncommercial recreational vehicles. In fact, the statute makes clear that a separate statutory section addresses commercial drivers, and that "no person shall drive any motor vehicle upon a highway in this state unless such person has been issued a currently valid driver's license . . . by the department under this article." Colo. Rev. Stat. § 42-2-101. Plaintiff's contention that a vehicle

2

used for non-commercial purposes is not a "motor vehicle" for purposes of the licensing requirement finds no support. Nor does any assertion that the statute is constitutionally invalid.

The Court also agrees with the magistrate judge's conclusion that plaintiff has failed to state causes of action pursuant to various federal statutory sections, many of which do not provide for a private cause of action. Plaintiff's factual allegations do not support a plausible claim for relief arising under any of the cited statutes. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008).

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 85] is ACCEPTED. It is further

**ORDERED** that defendants' motions to dismiss [Docket Nos. 44, 74] are GRANTED. All claims against Logan County Sheriff's Department are dismissed. It is further

**ORDERED** that all claims brought pursuant to the "Colorado Constitution Article 2, Sections 1, 2, 3, 6, 7 and 24, 25, 28" are dismissed as to all defendants. It is further

**ORDERED** that all claims brought pursuant to 42 U.S.C. §§ 14141, 1985(2) and (3), and 1986 are dismissed as to all defendants. It is further

**ORDERED** that all claims brought pursuant to 49 U.S.C. § 2701 are dismissed as to all defendants. It is further

**ORDERED** that all claims asserted under 18 U.S.C. §§ 241, 242, and 245(b)(2)(E) are dismissed as to all defendants.

DATED March 2, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge