IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00098-PAB-BNB

ROBERT PAUL MAHAN,

    Plaintiff,

v.

ROXY HUBER, Executive Director, Colorado Department of Revenue,
COLORADO DEPT. OF MOTOR VEHICLES,
COLORADO STATE PATROL,
LOGAN COUNTY SHERIFF'S DEPT.,
STERLING COUNTY POLICE DEPT.,
CITY OF THORNTON POLICE DEPT.,
ADAMS COUNTY SHERIFF'S DEPT.,
ROBERT WATSON, 13th Judicial District Attorney,
MICHAEL SINGER, Logan County District Attorney, and
DON QUICK, 17th Judicial District Attorney, Adams County,

    Defendants.

_____

**ORDER**
_____

This matter comes before the Court on the Recommendation of United States Magistrate Judge ("the Recommendation") [Docket No. 87], which recommends that the Court grant the State Defendants' (Roxy Huber, Executive Director of the Colorado Department of Revenue, the Colorado Division of Motor Vehicles, the Colorado State Patrol, Judge Michael Singer of the Logan County District Court, Judge Michael A. Cox of Adams County, and Judge Robert Smith of the Logan County Court) Motion to

Dismiss [Docket No. 28]. On January 14, 2010, plaintiff filed timely objections [Docket No. 94] to the Recommendation.

The scope and basis of plaintiff's objections is unclear. Nevertheless, the Court has conducted a *de novo* review of the entire record and has construed the plaintiff's pleadings liberally in light of his status as a *pro se* plaintiff. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The Court agrees with the magistrate judge's conclusions regarding the immunity from suit enjoyed by the defendant judges for their judicial acts and by the state agencies, and defendant Huber for acts taken in her official capacity, pursuant to the Eleventh Amendment.

The Court also concludes that plaintiff failed to state a plausible claim for relief against defendant Huber in her individual capacity. That claim depends on plaintiff's meritless contention that enforcement of statutory provisions requiring he have a license to drive a motor vehicle constitutes an infringement of his rights. Plaintiff's claims are based on a misreading of the relevant state statute, Colo. Rev. Stat. § 42-2-101(1), which he reads to apply only to "commercial drivers" and not to noncommercial recreational vehicles. In fact, the statute makes clear that a separate statutory section addresses commercial drivers, and that "no person shall drive any motor vehicle upon a highway in this state unless such person has been issued a currently valid driver's license . . . by the department under this article." Colo. Rev. Stat. § 42-2-101. Plaintiff's contention that a vehicle used for non-commercial purposes is not a "motor

vehicle" for purposes of the licensing requirement finds no support.  Nor does any assertion that the statute is constitutionally invalid.

Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 87] is ACCEPTED.  It is further

**ORDERED** that defendants' motion to dismiss [Docket No. 28] is GRANTED. The claims against defendants Smith, Cox, Singer, Huber, the Colorado Department of Motor Vehicles, and the Colorado State Patrol are dismissed.

DATED March 2, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge